IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FARHAD JAFARI, | ) |
|           Petitioner, | ) |
| v. | )   No. 3:14-CV-3123-N |
| | ) |
| JEH JOHNSON, Secretary of Dept. of Homeland Security, et al., | ) |
| | ) |
|           Respondents. | ) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I.  Factual background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a citizen of Afghanistan. On January 9, 2014, an Immigration Judge ordered Petitioner be removed to Afghanistan because he is inadmissable under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for having been convicted of a crime of moral turpitude.

At the time Petitioner filed this petition, he was in ICE custody pending removal to Afghanistan. Petitioner stated he had been in custody for over seven months, and that his removal was not likely in the reasonably foreseeable future.

### II.  Discussion

Petitioner claims his continued detention violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). The *Zavydas* case designates six months as a

presumptively reasonable period of post-order detention, and concludes that "[o]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id*. at 699.

In this case, on February 20, 2015, the government filed a report of removal stating that Petitioner was removed from the United States and arrived in Afghanistan on February 11, 2015. The Court finds Petitioner's removal renders his petition moot.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the petition be dismissed as moot.

Signed this 2nd day of March, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).